Filed 3/28/25  P. v. Mackey CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082830 |
| v. | (Super.Ct.No. FSB703219) |
| TOMMY MACKEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Alana C. Butler, and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Tommy Mackey appeals the San Bernardino County Superior Court's orders made following a Penal Code section 1172.75 resentencing hearing.[1] He claims the sentence imposed at the hearing is excessive and violates the state and federal prohibitions against cruel and unusual punishment. We disagree and affirm with instructions to correct the abstract of defendant's judgment.

## BACKGROUND

1. *The Circumstances Leading to Defendant's Conviction*

In 2007, defendant shot a gun several times at a specialized team of police officers who were trying to arrest him on an outstanding felony warrant.[2] The officers returned fire, injuring defendant, who was then taken into custody. (*Mackey II*, *supra*, E078142.)

A jury convicted defendant of three counts of willful, deliberate, and premeditated attempted murder of a police officer, and found true as to each count that he personally used, and personally and intentionally discharged, a firearm. The trial court sentenced him to a total term of 159 years, consisting of an indeterminate prison term of 90 years to life (15 years for each of the three premeditated attempted murder convictions, doubled based upon a prior strike admitted by defendant), a determinate term of 20 years for each count based on his personal and intentional discharge of a firearm (handgun), plus a nine-year determinate term based upon four prison priors. (*Mackey II*, *supra*, E078142.)

---

[1] Section 1172.75 was formerly section 1171.1, which was renumbered by (Stats. 2022, ch. 58, § 12). All statutory references herein are to the Penal Code.

[2] Some facts recited in this section are taken from this court's opinion in *People v. Mackey* (Apr. 4, 2022, E078142) [nonpub. opn.] (*Mackey II*).

Defendant appealed.  (*People v. Mackey* (Nov. 30, 2012, E054342) [nonpub. opn.] (*Mackey I*).)  We corrected the defendant's sentence to reflect one year each for the four prison priors and affirmed the judgment in all other respects.  (*Ibid*.)

2. *Defendant's Section 1172.6 Petition for Resentencing*

On June 24, 2021, defendant filed a form petition pursuant to section 1172.6 (renumbered from § 1170.95, Stats. 2022, ch. 58, § 10), which was stricken by the trial court upon finding that defendant was the perpetrator of the events that led to his conviction and sentencing.  We affirmed the court's order in *Mackey II*, *supra*, E078142.

3. *The Section 1172.75 Resentencing Proceedings Resulting in This Appeal*

On January 1, 2022, section 1172.75 became effective.  That statute renders legally invalid all section 667.5, subdivision (b) prior prison term enhancements imposed before the effective date (except those resulting from convictions for sexually violent offenses).  It provides for recall of the sentence and resentencing of all eligible persons who are in custody and requires the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the county correctional administrator of each county to identify and report to the sentencing court all defendants entitled to resentencing relief due to qualifying prison prior enhancements.  (§ 1172.75, subds. (b)-(c).)

In November 2023, the trial court held a hearing in response to CDCR's section 1172.75 request to resentence defendant because of the four prison priors included in his sentence.  The court also considered defendant's requests to strike or dismiss as excessive his 20-year sentences for the gun discharge enhancements and to order the attempted murder sentences to run concurrently instead of consecutively.

The court struck and dismissed the four one-year terms previously imposed for defendant's prison priors but declined to make any other reductions in his sentence. It once again imposed consecutive terms of 30 years to life (15 years to life, doubled for a prior strike) with consecutive 20-year enhancements for the personal and intentional discharge of a firearm as to each of three counts of attempted first degree murder of a police officer, for a total term of 150 years. Also imposed and stayed once again were three 10-year enhancements for personal use of a firearm in the commission of a felony.

The court also ordered 5,939 credits to defendant for time served and ordered CDCR to calculate conduct credits for him, orders that we note are not reflected in the abstract of judgment.

Defendant timely noticed this appeal.

## DISCUSSION

On appeal, defendant argues reversal of the trial court's resentencing order is called for because it imposed a grossly excessive and disproportionate sentence that violates not only the state and federal constitutional prohibitions against cruel and unusual punishment but also "the recent policy directives of the Legislature" calling for reduction in prison terms.

1. *Forfeiture*

The People argue defendant has forfeited his claim that his sentence is cruel and unusual in violation of the Eighth Amendment of the Federal Constitution (the Eighth Amendment) and article I, section 17 of the California Constitution (Article I). Defendant claims the issue of cruel and unusual punishment was preserved (i) by his

4

counsel's suggestion that the court "impose a penalty for attempted murder and perhaps a penalty for discharge of a weapon and anything else should either run concurrent or stayed pursuant to [section] 1385," and, (ii) by counsel's argument that the Legislature's goal in amending various sentencing statutes was to "reduce the number of these draconian sentences over 100 years in prison."

We do not agree that counsel's suggestions for reductions in defendant's sentence or his argument that the Legislature has a goal of reducing prison terms amount to objections to defendant's sentence on the grounds it violates prohibitions against cruel and unusual punishment set forth in the Eighth Amendment and Article I. Rather, trial counsel complained only that the sentence continued to be excessive in view of the Legislature's recent enactments aimed at eliminating prison overcrowding and advancing fairness in our criminal legal system, changes that counsel argued "almost compelled" the trial court to stay the gun use enhancements and order the attempted murder sentences to run concurrently.

2. *Defendant's Sentence Does Not Violate the Eighth Amendment or Article I*

Although we find defendant did not preserve the issue of cruel and unusual punishment, we nevertheless address his argument that his sentence of 150 years to life was so excessive or disproportionate to the offenses he committed as to be unconstitutional under the Eighth Amendment and Article I. (*People v. Baker* (2018) 20 Cal.App.5th 711, 720 [a reviewing court may address the merits of a forfeited argument to show trial counsel was not constitutionally ineffective by failing to make a meritless or futile objection].)

It is the role of the state Legislature to define crimes and set penalties, and it is accorded great deference in making and implementing penological policies subject, of course, to the prohibitions against cruel or unusual punishments contained in the Eighth Amendment and Article 1. (*Ewing v. California* (2003) 538 U.S. 11, 20, 23 (*Ewing*); *People v. Dillon* (1983) 34 Cal.3d 441, 478-479 (*Dillon*), abrogated on another ground, as stated in *People v. Chun* (2009) 45 Cal.4th 1172, 1186; *People v. Garcia* (2017) 7 Cal.App.5th 941, 952 (*Garcia*).)

Whether a sentence is cruel or unusual is a question of law subject to independent review. (*Garcia*, *supra*, 7 Cal.App.5th at p. 951.) We will not find a violation of either the Eighth Amendment or Article 1 in a sentence imposing a term of years in prison unless we find a defendant's sentence is grossly disproportionate to the crime. (*Ewing*, *supra*, 538 U.S. at pp. 20, 23; *Dillon*, *supra*, 34 Cal.3d at p. 450.) A finding that a sentence is grossly disproportionate is exceedingly rare and is found only in extreme cases. (*Lockyer v. Andrade* (2003) 538 U.S. 63, 73 (*Lockyer*); *People v. Weddle* (1991) 1 Cal.App.4th 1190, 1196 (*Weddle*).)

(a) *Defendant's Claim his Sentence Violates the Eighth Amendment*

In analyzing defendant's argument that his sentence is so excessive and disproportionate that it violates the Eighth Amendment, we compare the gravity of the offense compared to the harshness of the penalty. (*Ewing*, *supra*, 538 U.S. at p. 20.) To be sure, the sentence imposed is a long one. But the statutes under which defendant was sentenced reflect a rational legislative judgment, which is entitled to deference, that a recidivist who has previously committed a serious felony, and is thereafter convicted of

three willful, deliberate, and premeditated attempts to murder police officers by personally and intentionally discharging a firearm, should be incapacitated. (See, *id.*, at p. 21.)

We note that our conclusion is in keeping with opinions of the United States Supreme Court rejecting claims of Eighth Amendment violations in cases in which very lengthy sentences were imposed in cases involving offenses less serious than attempting to murder a police officer.[3] For example, in *Ewing*, it upheld a sentence of 25 years to life imposed on a defendant with two strikes who was convicted of felony grand theft for shoplifting. (*Ewing*, *supra*, 538 U.S. at pp. 17-18, 20.) In *Lockyer*, *supra*, 538 U.S. at pages 67-68, 77, the Court rejected a claim that a sentence of two consecutive terms of 24 years to life was grossly disproportionate for a defendant with two strikes who was convicted of two acts of petty theft of video tapes, an offense charged as a felony instead of a misdemeanor.

(b) *Defendant's Claim his Sentence Violates Article I*

A violation of Article I's prohibition against cruel or unusual punishment also requires a sentence that is grossly disproportionate to the crime. (*Dillon*, *supra*, 34 Cal.3d at p. 478; *Garcia*, *supra*, 7 Cal.App.5th at p. 951.) We will not interfere with the Legislature's determination of sentences for crimes unless the penalty is so

---

[3] Although the analysis to determine whether a penalty passed constitutional muster under the Eighth Amendment and Article I formerly included comparison of a defendant's sentence to those for other crimes in the same jurisdiction and to those for the same crime in different jurisdictions, more recent authority holds that those comparisons may be made but are not constitutionally required. (*Ewing*, *supra*, 538 U.S. at p. 23; *Weddle*, *supra*, 1 Cal.App.4th at pp. 1193-1196.)

disproportionate to the crime that it shocks the conscience and offends fundamental notions of human dignity.  (*Garcia*, at p. 951, citing *Dillon*, at p. 478.)

In deciding whether a sentence violates Article I, we examine the nature of the offense and the nature of the offender.  (*Dillon*, *supra*, 34 Cal.3d at pp. 478-479; *Garcia*, *supra*, 7 Cal.App.5th at pp. 952-954; *Weddle*, *supra*, 1 Cal.App.4th at pp. 1198-1200.) We look at the way the crime was committed, the extent of the defendant's involvement, the consequences of the defendant's acts, and whether the punishment is grossly disproportionate to the defendant's individual culpability as shown by factors such as his age, prior criminality, personal characteristics, and state of mind.  (*Dillon*, at pp. 478-479; *Garcia*, at pp. 952-954; *Weddle*, at pp. 1198-1200.)

Here, as noted *ante*, in our discussion addressing defendant's Eighth Amendment claim, the penalty imposed on defendant is severe, but so too is the gravity of his offenses.  Defendant shot at the police officers after they entered the store to serve a warrant on him.  When the officers retreated, defendant fired shots at them outside of the store.  Thereafter, he went onto the roof and shot at the officers in the parking lot below. He surrendered after he was shot in the leg by an officer.  (*Mackey I*, *supra*, E054342.)

Defendant's individual culpability also provides support for the sentence imposed. He was 38 years old when he attempted to murder the police officers who were trying to serve a warrant on him.  By then, he had racked up 10 convictions of increasing seriousness committed over the course of 19 or so years, and he failed on several occasions to successfully comply with and complete probation and parole requirements. (*Mackey I*, *supra*, E054342.)

In support of his claim that his sentence is unconstitutionally excessive, defendant (i) notes that the crimes underlying his conviction did not result in death or serious injury; (ii) surmises that his conduct and criminal history "appears" to be the result of his methamphetamine use, which "apparently" affected his ability to recollect the details of the offenses; and (iii) posits the offenses underlying his conviction should have been treated as a single period of aberrant behavior resulting in concurrent sentences. He claims those factors should have combined to result in "meaningfully reduc[ing]" his sentence when considered against the backdrop of the Legislature's recently enacted sentencing statutes, which he posits reflect an emerging consensus that many previously imposed sentences are excessive and disproportionate to a defendant's wrongdoing. We are not persuaded.

Defendant is correct that our Legislature has amended or added statutes that serve to reduce sentences and, in fact, he benefitted from one such change because the four prison priors previously imposed were stricken at the section 1172.75 hearing. But, the Legislature has not undertaken to reduce the penalties set forth in the statutes authorizing the other mandatory sentences imposed on defendant.[4]

---

[4] Those statutes are: (i) section 664, subdivision (e)-(f), which provides for a mandatory minimum term of 15 years to life for the willful, deliberate, and premeditated attempt to murder a police officer; (ii) section 667, subdivision (e)(1), which requires the doubling of the attempted murder sentence due to his prior strike; and, (iii) section 12022.53, subdivision (c), which requires the court to order an additional and consecutive prison term of 20 years if a defendant personally and intentionally discharges a firearm in the course of attempting to commit murder.

Defendant posits his sentence should have been reduced because a police officer was not killed or seriously injured. That claim overlooks the fact that his sentence is already less on that account. Had his shooting at the police officers caused serious injury or death of any of them, he would be suffering a longer sentence because the crimes of murder and attempted murder with great bodily injury carry higher penalties than attempted murder without serious injury. (§§ 187, subd. (a), 12022.53, subd. (d).)

With respect to defendant's suggestion that some reduction in his sentence was warranted based on the supposition that methamphetamine use may have played a part in his criminal activity, the trial court made clear it had reviewed the probation report (which included defendant's history of methamphetamine use), our opinion, and all briefing submitted by the parties, and found no factors in mitigation and several factors in aggravation. Indeed, the court pointed to the facts that defendant's crime involved great violence, threat of great bodily harm, and acts that disclosed a high degree of cruelty, viciousness, and callousness, and found defendant is a serious danger to society.

Defendant also posits that the trial court should have treated his offenses as a single period of aberrant behavior and ordered his sentences to run concurrently instead of consecutively. We disagree. As demonstrated by the details in our opinion issued in defendant's appeal from the judgment (*Mackey I*, *supra*, E054342), the three attempts to murder the police officers were separate and distinct acts of violence against different victims, not a single act of shooting at multiple people. And, the offenses were spread out over time. After five or more police officers entered the store, defendant shot at two of them; later, he began shooting again after all the officers in the store retreated outside

10

where they had set up a perimeter around the building and placed a bunker shield in the store's doorway; and then later, after defendant gained access to the roof through the store's ceiling, defendant began shooting down at the officers in the parking lot, while more officers were responding to the scene. (*Mackey I*, *supra*, E054342.)

## DISPOSITION

The order resentencing defendant is affirmed with directions to correct the amended abstract of judgment (filed November 29, 2023), to reflect the trial court's November 15, 2023, orders (i) granting defendant 5,939 credits for time served, and (ii) directing the CDCR to calculate conduct credits.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

MILLER
J.
CODRINGTON
J.

11